In assump-
ssit on a note
payable in
specific arti-
cles, the meas-
ure of damages
is the highest
market price
of those arti-
cles at any
time between
the notes fall-
ing due and
the time of the
trial.
So in trover,
the damages
are measured
by the highest
price interme-
diate the time
of conversion
and trial.

WEST *against* WENTWORTH & BEACH.

ASSUMPSIT, tried at the *Onondaga* Circuit on the 11*th* day
of *July,* 1823, before THROOP, C. Judge.

On the trial, the counsel for the plaintiff introduced two
notes, or memorandums in writing (the execution of which
was admitted by defendant's counsel,) in the following words:
(*First note*) " In the month of *June* next, we, jointly and sev-
erally, promise to pay *Simeon West* eighty-eight barrels
good salt, in good barrels, well nailed, delivered at *Liverpool,*
value received, *November 1st,* 1819, subject to duties." Sign-
ed " *Wm. Wentworth, Wm. H. Beach.*" (*Second note*) " In
the month of *October* next, we, jointly and severally, promise
to pay *Simeon West* eighty seven barrels good salt, in good
barrels, well nailed, delivered at *Liverpool,* subject to duties,
value received, *November 1st,* 1819." Signed " *Wm. Went-
worth, Wm. H. Beach.*"

The counsel for the plaintiff then offered to prove the
maximum price of salt between the times the notes became
due and the time he demanded payment, to which the coun-
sel for the defendants objected, contending that the plaintiff
should be confined to the times the notes fell due in proving
the value.

The Judge decided that the plaintiff was entitled to re-
cover the maximum price of salt, bct ween the times when
the notes fell due, and the demand of payment by the plain-
tiff. The defendants, by their counsel, admitted that the
salt was demanded on the 26*th* day of *October,* 1822, and
that the price on that day was $1,50 'per barrel ; that being
the highest price between the times the notes fell due, and
the time of the demand. The jury, under the charge of the
Judge, found a verdict for the plaintiff for $262,50 dama-
ges, being the value of the salt, at $1,50 per barrel.

*J. G. Forbes & B. D. Noxon,* moved for a new trial, on
the ground of misdirection as to the measure of damages ;

and cited *Davis* v. *Exrs. of Richardson*, (1 *Bay's Rep.* 105,) and *Dutch* v. *Warren*, (*cited, and a short note of it given in Burr.* 1010.

*D. Kellogg*, contra.

*Curia, per* SUTHERLAND, J. The measure of damages adopted at the Circuit was the true one. The case of *Cortelyou* v. *Lansing*. (2 *Caines' Cas. Err.* 216,) and of *Shepherd* v. *Johnson*, (2 *East*, 211) are precisely in point. The latter was an action upon a contract to replace a quantity of stock by a given day ; and it was held that the plaintiff was entitled to recover the highest value of the stock as it stood at the time of the trial; and not its value on the day when it should have been delivered. *Grose*, J. says, " the true measure of damages in all these cases is that which will completely indemnify the plaintiff for the breach of the engagement. If the defendant neglect to replace the stock at the day appointed, and the stock afterwards rise in value, the plaintiff can only be indemnified by giving him the price of it at the time of trial ; and it is no answer to say that the defendant may be prejudiced by the plaintiff's delaying to bring his action ; for it is his own fault that he does not perform his engagement at the time." *Cortelyou* v. *Lansing* was an action of assumpsit brought by the representatives of a pawnor against the pawnee of a depreciation note, which the pawnee had sold before application was made to redeem ; and it was held that the plaintiffs were entitled to recover the value of the note at the time of the application, and not at the time of the pledge. So in trover, if the chattel be not of a fixed and determinate value, its worth at the time of conversion is not the rule of damages ; but they may be enhanced according to the increased value of the chattel subsequent to that time. (*Fisher* v. *Prince*, 3 *Burr.* 1363. *Whitten* v. *Fuller*, 2 *Bl. Rep.* 902.)

New trial refused.