## DOUGLASS v. H. KRAFT.

The rule is that when property converted has a fixed value, the measure of damages is that value, with legal interest from the time of its conversion; when the value is fluctuating, the plaintiff may recover the highest value at the time of its conversion, or at any time afterwards.

An objection to the form of a verdict should be made on motion for a new trial. It is too late to raise it in this Court for the first time.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

A statement of the facts appears in the opinion of the Court.

*Robinson & Beatty* for Appellant.

*C. C. Mount* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

Plaintiff deposited with defendant, as collateral security for his note of five hundred and eighty dollars, certain auditor's warrants on the treasurer of Calaveras county, amounting in the aggregate to $1350, at the time of the deposit; defendant executed a receipt for the warrants, which he signed R. Kraft.

Some time after the maturity of the note, plaintiff offered to pay the amount, principal and interest, and demanded the delivery of the warrants, which defendant declined, saying that he had sold the warrants, and parted with the note. This action was then instituted for the purpose of compelling defendant to return the warrants or pay their value.

The answer admits the deposit of the warrants and the execution of the receipt set out in the complaint, but alleges that the defendant acted in the transaction as the agent of his wife, who was a sole trader, and that the receipt was signed with the initial of his wife; it also alleges a demand of payment at the maturity of the note; and, on default, a sale of the warrants at their market value at the time, and an application of the proceeds to the payment of the note.

On the trial below, the jury found a verdict for plaintiff, and a new trial being refused, defendant appealed.

Upon an examination of the record, we are not able to discover any error in the rulings of the Court, which could have operated to the prejudice of defendant.

The instruction that plaintiff was entitled to recover the highest market value of the warrants, at any time while in defendant's possession, was erroneous. The defendant was, before the conversion of the warrants, legally in possession of them with plaintiff's consent, and could not be charged with their value during that time. However, as there was no evidence as to the value of the warrants before the conversion, the instruction did not prejudice defendant.

The rule is, when the property converted has a fixed value, the measure of damages is that value, with legal interest from the time of the conversion; when the value is fluctuating, the plaintiff may recover the highest value at the time of the conversion, or at any time afterwards. Abbott, C. J., in Mercer *v.* Jones, 3 Camp., 476, says: " The amount of damages is for the jury, who may give the value at the time of the conversion, or any subsequent time in their discretion, because the plaintiff might have had a good opportunity of selling the goods, if they had not been detained. My opinion is, that the jury are not at all limited in giving their verdict, by what was the price of the article on the day of the conversion."

In Cortelyou *v.* Lansing, 2 Caine's Cases in Error, Kent, J., said: " The value of a chattel, *at the time of the conversion,* is not

in all cases the rule of damages in trover. If the thing be of a determinate and fixed value, it may be the rule ; but where there is an uncertainty or fluctuation attending the value of the chattel, and it afterwards rises in value, the plaintiff can only be indemnified by giving him the price of it, at the time he calls upon the defendant to restore it, and one of the cases even carries down the value to the time of the trial."

The jury found for plaintiff the value of the warrants at the time when their return was demanded.

Appellant contends that, inasmuch as the receipt for the warrants was given in the name of R. Kraft, the action can not be maintained against H. Kraft without an allegation of fraud or deception in signing one name for the other, or showing that one was an *alias* for the person known by the other.

The complaint sufficiently shows that R. Kraft and the defendant are one and the same person ; it charges that the warrants were deposited with, and the receipt signed by, the defendant Henry Kraft, and the copy of the receipt, which is set out in the complaint, is signed R. Kraft.

The evidence shows that the defendant acted as principal in accepting the pledge, signing the receipt, and selling the warrants. There is nothing in the record (except the allegation in the answer, which is not supported by any testimony,) to show that there is any such person in existence as R. Kraft, or that defendant assumed to act as the agent of a third party.

The objection to the form of the verdict should have been made on motion for a new trial. It can not be raised here for the first time.

Judgment affirmed.