HARVEY OTTER, Appellant, *v.* JOHN S. WILLIAMS, Appellee.

APPEAL FROM COLES.

Where the defendant received oxen from the plaintiff to be kept until a particular time, and before the expiration of the time sold a portion of them; Held, that it was not error to instruct the jury that the plaintiff was entitled to recover the value of the oxen at the time of their conversion by defendant.

If the defendant neglected to recoup for the value of the feeding, he lost his proper remedy.

THIS was an action of trover for fifty head of cattle, tried at the October term, 1858, of the Coles Circuit Court. Plea not guilty—verdict for plaintiff for $1,050. Motion for new trial overruled. Bill of exceptions filed, and appeal taken.

There was an article of agreement, dated 11th November, 1857, by the terms of which, Williams delivered to Otter, fifty head of work cattle, weighing 55,065 lbs., to be fed by Otter from the 11th day of November till the 10th or 30th of April following, as Williams might choose, at a compensation of four and one half cents per pound for all above 55,065. Otter to be responsible for all the cattle except such as might die, and Williams to pay part of the money due for feeding, between the 1st and 10th of January, 1858. The residue of the money for feeding to be paid when Williams should receive the cattle from Otter.

*Richard L. Williams* testified that he, as agent for his brother, John S. Williams, delivered to Otter, fifty head of oxen, to be fed at four and a half cents per pound for the increased weight, under the written contract aforesaid. Also Otter told witness that he had shipped twenty head of the cattle to Chicago, and sold them, to get his pay for feeding them. Witness paid Otter $100 on the contract, between the 1st and 10th January, 1858, which was all Otter asked at the time. He testified that work cattle were, at the time of the shipment of the

twenty head, worth five cents per pound.  That the cattle, when delivered to Otter, were lank and hungry, and would weigh sixty pounds less than if full; that the cattle in question were work oxen and kept for the purpose of breaking prairie; that the twenty head sold were the best of the lot, and would be worth from $12 to $20 per yoke over the average; that he demanded the cattle on the 19th of April, 1858, and tendered the pay for feeding them.  Otter told him that he had shipped and sold twenty head of the cattle, and that plaintiff below, Williams, had driven off thirty head, which embraced all that had been delivered to him.

*Thomas Decker,* on the part of Otter, testified that he was present when the witness, Richard L. Williams, demanded the cattle, but saw no tender.  Otter talked of settling and complying with his contract if Williams would with his.

The following instruction was then asked on the part of the plaintiff, and given by the court:

If the defendant sent off and sold, for his own use, a part of plaintiff's cattle, that constituted a conversion of so many of plaintiff's cattle as he so sent off and sold, and the plaintiff is entitled to recover their value at the time of the conversion.

And now said plaintiff assigns for error the following:

The instruction of the court, given at the instance of Williams, the plaintiff below, is wrong in this, that it fixes the value at the time when the cattle in controversy were sold, as the measure of damages, in view of the fact that part of that value was added to the cattle by Otter, the defendant below. And also, there was error in the court deciding, that trover would lie, notwithstanding there was a special contract in writing, in respect to the cattle in controversy.

O. B. FICKLIN, for Plaintiff in Error.

LOGAN & HAY, for Defendant in Error.

BREESE, J.  The conduct of the defendant in this case is without apology.  Entrusted with fifty head of work oxen to feed for the plaintiff, so that they might resume the labor of breaking prairie in the spring, without any excuse whatever, he selected twenty of the most choice animals, shipped them to Chicago without the knowledge or consent of the plaintiff, and sold them for beef, and he should, by every principle of justice, be held to the heaviest verdict the law could pronounce.

By the agreement, the defendant having received the oxen in November, 1857, was to feed them until the tenth or thirtieth of April following.  Between the first and tenth of January, the

plaintiff paid the defendant one hundred dollars, on this account, being all that he asked at that time. When afterwards, in February, the plaintiff went after the oxen, the defendant said he had shipped twenty head to Chicago, to get his pay for feeding them. There is no evidence whatever that the plaintiff was behind in his payments a single dime, and this act of the defendant, thus depriving the plaintiff of his property, was wholly unjustifiable. It was an outrageous breach of trust, to say the least, and for which full damages should be awarded.

It is complained now, that as the court instructed the jury that if the defendant sent off and sold for his own use, a part of the plaintiff's cattle, that constituted a conversion of so many as he did so send off and sell, and the plaintiff is entitled to recover their value at the time of their conversion. The plaintiff profited by the increased value put on the cattle by the feeding. That the true measure of damages was their value independent of the feeding.

The court stated the general rule in trover correctly. *Keaggy* v. *Hite*, 12 Ill. R. 101.

If the defendant supposed there were any circumstances in this case constituting an exception to this general rule, he should have asked a separate and distinct instruction, stating the exception. All the right the defendant had, was that of recoupment for the value of the keep of the oxen, and, looking at the evidence and verdict, it is quite manifest that right was fully accorded to him by the jury.

The plaintiff had the right to declare in trover for the tort or on the contract, and the defendant could defend under the contract if necessary to his defense. *Ill. Cent. Railroad Co.* v. *Morrison*, 19 Ill. R. 141.

The judgment is affirmed.

*Judgment affirmed.*