## Robert Hopkins *et al.*
### *v.*
### Dwight Ladd.

1. Constitutional law —*trial by jury — assessment of damages.* The constitutional right of a party to have a trial by jury, is not at all impaired in denying him the right to have a jury to assess the damages in case of a default, and conferring that power upon the court.

2. So in an action of debt on a replevin bond, the defendant demurred to the declaration, and his demurrer was overruled, and he abiding by his demurrer, the court rendered a judgment thereon for the penalty of the bond, and proceeded to assess the damages without a jury, against the objection of the defendant, who demanded a jury for that purpose. The court was given the power by a special act applicable to that particular county, to assess the damages in all cases of

default, and it was held not to contravene the constitutional right of trial by jury. The inquiry upon the assessment of damages involved no consideration of the right of the defendant. His position was fixed by the judgment on the demurrer, and no issue of fact was presented.

3. ASSESSMENT OF DAMAGES *by the court — when it may be done.* The Practice Act provides that in all cases where interlocutory judgment should be given in any action brought upon a penal bond, or upon any instrument of writing for the payment of money only, and the damages rested in computation, the court might refer it to the clerk to assess and report the damages, and might enter final judgment therefor without a writ of inquiry, and without impannelling a jury for that purpose; and in all other actions where judgment should go by default, the plaintiff might have his damages assessed by the jury in court.

4. That was the general·law up to February 14, 1863, on which day the legislature passed this law: in all suits in the courts of record of this State, upon default, where a writ of inquiry has heretofore been required to assess the damages, it shall be lawful for the court to hear the evidence and assess the damages without a jury for that purpose: *Provided,* that if either party shall claim a jury, the damages shall be assessed as heretofore.

5. It seems that a judgment rendered against a defendant, upon his demurrer to the declaration being overruled, is such a judgment by default as is contemplated in the statute giving the court the power, under certain circumstances, to assess the damages upon default without a jury.

6. PRACTICE IN THE KENDALL CIRCUIT COURT — *assessment of damages.* Under the acts of 1857 and 1859, the Circuit Court of Kendall county is authorized to assess the damages in all cases of default, without a jury.

7. So in an action of debt on a replevin bond, it was held, where judgment was rendered against the defendant upon his demurrer to the declaration being overruled, for the penalty of the bond, the Circuit Court of that county, under the special power given by those acts, had the authority to assess the damages without a jury, even against the objection of the defendant, who demanded a jury for that purpose.

8. PLEADING — *declaration in debt upon a replevin bond.* Such a declaration in this case held good.

9. INTEREST — *when recoverable.* An action of replevin being dismissed for want of a declaration, the court awarded a return of the· property. In an action of debt on the replevin bond, in which the breach consisted in a failure to return the property, it was *held,* the defendant not having returned the property, interest was properly recoverable.

APPEAL from the Circuit Court of Kendall county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

On the 22d day of March, 1862, Robert Hopkins sued out of the Circuit Court a writ of replevin against Josiah Ward, for the

recovery of certain personal property. A replevin bond was duly executed, whereupon the writ was served, and the property placed in the possession of the plaintiff. At the September Term, 1862, of the Circuit Court, that being the second term after the writ was sued out, the suit in replevin was dismissed for the reason no declaration had been filed therein, and thereupon the court rendered a judgment against the plaintiff awarding a return of the property.

The property not being returned, the sheriff of Kendall county brought this action of debt upon the replevin bond, for the use of Ward, the defendant in replevin, to the January Term, 1863, of the Circuit Court.

The declaration is as follows:

"STATE OF ILLINOIS, ⎱ ss. In the Circuit Court, of January Term, A. D. COUNTY OF KENDALL, ⎰ 1863.

"Dwight Ladd, late sheriff of the county of Kendall, aforesaid, plaintiff in this suit, who sues for the use of Josiah Ward, as administrator of the estate of John Hagerman, deceased, by H. S. Hudson, his attorney, complains of Robert Hopkins and Paul G. Hawley, defendants in this suit, who have been summoned to answer the said plaintiff of a plea that the said defendants render to the said plaintiffs the sum of two hundred and fifty dollars, which the defendants owe to and unjustly detain from the said plaintiff. For that whereas, heretofore, to wit: on the twenty-second day of March, A. D. 1862, at the county of Kendall, aforesaid, and within the jurisdiction of this court, the said Robert Hopkins and Paul G. Hawley, defendants in this suit, by their certain writing obligatory, sealed with their respective seals, and to the court now here shown, the date whereof the day and year last aforesaid, acknowledge themselves to be held and firmly bound unto the above named sheriff by the name and description of Dwight Ladd, sheriff of the county of Kendall, in the State of Illinois, in the penal sum of two hundred and fifty dollars, lawful money of the United States, to be paid to the said Ladd, his successors in office, executors, administrators or assigns, to

which payment well and truly to be made the said Robert Hopkins and Paul G. Hawley bound themselves, their heirs, executors and administrators, jointly and severally, by the said writing obligatory thereunder written, that if the said Robert Hopkins should prosecute his suit to effect and without delay, which he had, on the twenty-second day of March, A. D. 1862, commenced in the Circuit Court of Kendall county, aforesaid, against Josiah Ward, for wrongfully detaining the property, if return thereof should be awarded, and save and keep harmless the said sheriff in replevying the said property, then the said obligation was to be void, otherwise to remain in full force and effect.

" And the said plaintiff in this suit avers, that the said Josiah Ward, in the condition of the said writing obligatory, mentioned as aforesaid, Josiah Ward, administrator, &c., to whose use this suit is instituted, and not other or different; and the said plaintiff avers, that heretofore, to wit: on the twenty-second day of March, A. D. 1862, the said Robert Hopkins commenced a suit in the Circuit Court, in the county of Kendall aforesaid, against the said Josiah Ward, for the alleged wrongfully detaining the said property in the said condition mentioned, to which last mentioned suit or action in the said condition of the aforesaid writing obligatory mentioned and referred to, and which suit was, on the day of the date of said writing obligatory, depending and undetermined in the said Circuit Court of the county of Kendall aforesaid, and so remained and continued depending and undetermined for a long space of time thereafter, to wit: until the September Term of said court, A. D. 1862.

" And the said plaintiff in this suit further says, that in the last mentioned term of said Circuit Court, to wit: the September Term in the year last aforesaid, the said Robert Hopkins failed to prosecute to effect the said suit in said writing obligatory mentioned, and said suit was dismissed for the reason that no declaration had been filed therein, that term being the second term of said court since the commencement of said suit, and thereupon it was then and there considered in and by said

last mentioned court, that the said Josiah Ward should have return of the said property without delay, and that he should recover against the said Robert Hopkins damages and costs in said suit, as by the records and proceedings thereof still remaining in said court, more fully appears.

"And the said plaintiff further in fact says, that the said Robert Hopkins did not prosecute his said suit to effect against the said Josiah Ward for the alleged wrongfully detaining the said property or make return of the said property, or any part thereof, according to the form and effect of the said condition of the said writing obligatory, but has hitherto wholly neglected and refused, and still wholly neglects and refuses so to do, whereby the said writing obligatory became forfeited to the said Dwight Ladd, so being sheriff of the said county of Kendall, as aforesaid.

"By means whereof and by force of the statute in such cases made and provided, an action has accrued to the said plaintiff, so being sheriff of the said county of Kendall, as aforesaid, to demand and have of and from the said Robert Hopkins and Paul G. Hawley, the sum of two hundred and fifty dollars above demanded; yet, the said Robert Hopkins and Paul G. Hawley, defendants, although often requested so to do, and still do neglect and refuse to pay the same or any part thereof, to the damage of the said Dwight Ladd, sheriff as aforesaid, of two hundred and fifty dollars, and, therefore, he brings this suit, &c."

The defendants interposed their demurrer to the declaration as follows:

"And now come the said defendants, by Helme & Smith, their attorneys, and defend the wrongful detention of the debt, &c., and claim oyer of the said writing obligatory, which is read to them in the words and figures following, to wit: Know all men by these presents, that we, Robert Hopkins, as principal, and P. G. Hawley, as security, are held and firmly bound unto Dwight Ladd, sheriff of the county of Kendall, in the State of Illinois, and to his successors in office, executors, administrators and assigns, in the penal sum of two hundred

and fifty dollars, lawful money of the United States, for the payment of which sum we do hereby jointly and severally bind ourselves, our heirs, executors and administrators. The condition of this obligation is such, that whereas, on the 22d day of March, in the year of our Lord one thousand eight hundred and sixty-two, the said Robert Hopkins sued out of the Circuit Court of Kendall county, aforesaid, a writ of replevin against Josiah Ward, defendant, for the recovery of the following described goods and chattels, property, to wit: One sorrel horse, eleven years old this spring, named Bob, with star in the forehead; also one sorrel mare, eight years old this spring, with white face and legs, of the value of one hundred and twenty-five dollars. Now, if the said Robert Hopkins, plaintiff, shall prosecute this suit to effect and without delay, and make return of the said property, if return thereof should be awarded, and save and keep harmless the said sheriff replevying the said property, then this obligation to be void, otherwise to remain in full force and effect."

"Witness our hands and seals this 22d day of March, A. D. 1862.

"(Signed)                ROBERT HOPKINS,
                               "P. G. HAWLEY."


And the defendants say that no such bond is set out, neither in words and figures, nor in substance, in said plaintiff's declaration; for aught that appears the said defendants may have saved and kept the said sheriff harmless, and that the said declaration is not sufficient in law for the said defendants to answer, wherefore they pray judgment, &c.

And for the special cause of demurrer, the defendants make the following points:

*First.* There is a variance between the bond declared upon and the declaration.

*Second.* There are no statements of damages; no values are set out; no amount of costs or damages of the property replevied.

*Third.* The nature or character of said Ward's interest is not set out; it may be only an execution for ten dollars. The amount, kind, nature or character of damages is not stated.

*Fourth.* The declaration is uncertain, informal and defective.

The court overruled the demurrer, and the defendants abiding thereby, the court gave judgment on the demurrer for the penalty in the bond, and thereupon proceeded to hear evidence touching the value of the property replevied, and assess the damages, without a jury, against the objection of the defendants, who demanded a jury for that purpose.

The defendants excepted to such action of the court, and final judgment was rendered against them for the amount of the debt, and the damages assessed by the court at the sum of $155.61, including $5.61 interest.

The defendants thereupon took this appeal, and assign for error: *First*, the overruling of the demurrer to the declaration. *Second*, that the court assessed the damages without a jury. *Third*, allowing interest on the value of the property replevied.

Messrs. Glover, Cook & Campbell, for the appellants.

Messrs. Garrison & Blanchard and Mr. Chas. Wheaton, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of debt on an ordinary replevin bond brought by the sheriff of Kendall county for the use of Ward against the obligors. The court gave judgment on the defendants' demurrer to the plaintiff's declaration for the amount of the penalty of the bond, and proceeded to assess the damages, whereupon the defendant objected to an assessment of damages without a jury. The court overruled the objection, to which the defendant excepted, and has brought the case here and assigns this as one of the principal errors.

By section 15 of the practice act, it is provided, in all cases where interlocutory judgment shall be given in any action

brought upon a penal bond or upon any instrument of writing for the payment of money only, and the damages rest in computation, the court may refer it to the clerk to assess and report the damages, and may enter final judgment therefor without a writ of inquiry and without impanneling a jury for that purpose; and in all other actions where judgment shall go by default, the plaintiff may have his damages assessed by the jury in court. Scates' Comp. 261, 262.

This was the general law up to February 14, 1863, on which day the legislature passed this law: In all suits in the courts of record of this State upon default, where a writ of inquiry has heretofore been required to assess the damages, it shall be lawful for the court to hear the evidence and assess the damages without a jury for that purpose; *provided* that, if either party shall claim a jury, the damages shall be assessed as heretofore. Sess. Laws of 1863, p. 47.

But it will be observed that in 1857, a special law applicable to the thirteenth judicial circuit was passed, authorizing the court without a jury, to assess damages in all cases of default. Scates' Comp. 637; and by an act passed February 18, 1859, it was provided that the practice in the Circuit Court of Kendall county, should be the same in all respects as that in the thirteenth judicial circuit. Session Laws, 1859, page 58. This is a mere matter of practice, none will deny, and being so, the assessment of damages could be made by the court without a jury. The idea that a party has a constitutional right to have a trial by jury is not controverted. Here was no trial in any sense of that term. The defendant has declined putting his case on trial by abiding the judgment on the demurrer. The inquiry afterwards involved no consideration of any right of the defendant. His position was fixed by the judgment on the demurrer, no issue of fact was presented. The law of 1859 conferred on the Circuit Court of Kendall county full authority to assess the damages even against the defendant's objections, and there was no error in that respect.

Nor do we perceive any error in the whole record. The declaration was in the usual form on a penal bond, and there

was no variance between it and the bond. It is full of apt averments in such a case, and the breach is well assigned, that the obligor did not prosecute his suit with effect, but that the suit was dismissed for his failure to file a declaration at the first or second term after the writ of replevin was sued out, and that on the dismissal, the court adjudged that Ward should have a return of the property without delay, concluding with an averment that Hopkins did not make return of the property, but wholly neglected and refused to do so.

These facts were admitted by the demurrer, and the only ·question which remained was the value of the property, which the court found without a jury, and properly so, according to the statute.

As to the question of interest on the value of the property, the defendant not having returned the property, interest was recoverable. *Rowley* v. *Gibbs*, 14 Johns. 485.

The judgment must be affirmed.

*Judgment affirmed.*