Mr. Justice RHODES did not express an opinion.

---

# SARAH E. HAMER v. EDMUND HATHAWAY AND JOSEPH A. MAHEW.

MEASURE OF DAMAGES.—The rule is, when the property converted has a fixed value, the measure of damages is that value, with legal interest from the time of conversion. When the value is fluctuating, the plaintiff may recover the highest market value at the time of the conversion, or at any time afterwards.

PLACE OF VALUATION. — The market value of property unlawfully taken, as a measure of damages for the conversion, is to be ascertained at the place of conversion.

INTEREST IN TROVER.—In an action for the unlawful taking of personal property, interest is to be allowed as a matter of legal right from the time at which the value is estimated.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Hathaway, on the 19th day of June, 1863, commenced an action against Hamer and one Millard to recover possession of one hundred tons of hay; and having given the necessary bonds, and his attorney having made the required order, the Sheriff took the hay from Millard and delivered it to Hathaway. Hathaway did not prosecute his action, but on the 22d of February, 1865, dismissed it. Hathaway converted the hay to his own use, and Hamer brought this action to recover its value. The maximum value of the hay per ton, between the time of conversion and commencement of this action, was twenty dollars; this was January 1st, 1864.

The other facts are stated in the opinion of the Court.

*Tompkins & Crane*, for Plaintiff, argued that in an action of trespass for taking and converting personal property of a fluctuating value, the plaintiff is entitled to the highest market value of such property at any time between the taking and trial; and cited Greenleaf's Ev., Secs. 253–4, 276; *Cortelyou* v. *Lansing*, 2 Caine's Cases, 200; *Com. Bank of Buffalo* v. *Kortright*, 22 Wend. 348; 9 Cow. 897; 20 Wend. 90; *West* v. *Wentworth et al.*, 3 Cow. 82; *Clark* v. *Pinney*, 7 Cow. 881; 6 Johns. 168; 10 Id. 287; 7 Cow. 95; 8 Wend. 505; *Wilson* v. *Mathews*, 24 Barb. 295; *Johnson* v. *Marshall*, 34 Ala. 522; *Farwell* v. *Price*, 30 Miss. 587; *Reitenbauge* v. *Ludwick*, 31 Penn. 131; *Hain* v. *Little*, 28 Ala. 236; *Douglass* v. *Kraft*, 9 Cal. 562; *Ringold* v. *Livingston*, 1 Cal. 108.

*Crane & Boyd*, for Defendant, argued that in an action like the one at bar, which under the old system would have been designated as *trespass de bonis asportatis*, the rule of damage was and is, invariably, the value of the article taken at the time and place of the taking, with legal interest up to the time of the trial; and cited Sedgwick on Damages, 481; 2 Greenleaf's Ev., Sec. 276; *Brannin* v. *Johnson*, 19 Maine,

361; *Cushing* v. *Longfellow*, 26 Maine, 306; *Pacific Ins. Co.*
v. *Conrad*, 1 Baldwin's C. C. Reps. 138; *Rose* v. *Story*, 1
Barr, 191; *Suydam* v. *Jenkins*, 3 Sandf. 614; *Campbell* v.
*Woodworth*, 26 Barb. 648; *King* v. *Orser*, 4 Duer, 431;
*Phelps* v. *Owen*, 11 Cal. 22: *Dorsey* v. *Manlove*, 14 Cal. 554;
*Nightingale* v. *Scannel*, 18 Cal. 315; *Dexter* v. *Paugh*, 18 Cal.
372; *Cassin* v. *Marshall*, 18 Cal. 689; *Selden* v. *Cashman*, 20
Cal. 56.

By the Court, RHODES, J.:

Action for the unlawful taking and conversion of a lot of
hay. This hay was in Alameda County when taken by the
defendant, but was afterwards transported to San Francisco.

The plaintiff's position is that he is entitled to recover the
highest market value of the hay between the time of taking
and the trial; and that as it was taken to San Francisco, he
is entitled to the highest market value at that place. The
defendant's position is that the plaintiff is entitled only to its
market value at the time and place it was taken. The Court
followed neither rule, but in finding the damages adopted a
medium between the two. It was found that the value fluc-
tuated from ten to twenty dollars per ton, and in the San
Francisco market might have been sold at one time for
twenty-five to thirty dollars per ton; and damages were
awarded at the rate of fifteen dollars per ton. Both parties
appeal.

This is not an open question in this State. In *Douglass* v.
*Kraft*, 9 Cal. 562, the Court say: " The rule is, when the
property converted has a fixed value, the measure of damages
is that value, with legal interest from the time of conversion;
when the value is fluctuating, the plaintiff may recover the
highest market value at the time of the conversion, or at any
time afterwards." In support of the rule, the Court seem to
rely upon the authority of *Mercer* v. *Jones*, 3 Camp. 477 ; and
*Cortelyou* v. *Lansing*, 2 Cai. Cas. 200. There are many other
cases that sustain that doctrine, among which may be men-

tioned *Shepherd* v. *Johnson*, 2 East, 211; *Fisher* v. *Prince*, 3 Burr. 1,363; *West* v. *Beach*, 3 Cow. 82; *Clark* v. *Pinney*, 7 Cow. 681; *Bank of Buffalo* v. *Kortright*, 22 Wend. 348; *Wilson* v. *Mathews*, 24 Barb. 295; and *Goulet* v. *Asseler*, 22 N. Y. 225. The authorities are far from uniform on this question, and indeed there is a very formidable array holding that in case of a wrongful conversion the damages should be estimated as at that time.

It is of far more importance that the rule should be certain, than that it should be entirely beyond question on principle; and we are far from thinking that the argument in favor of the rule adopted in *Douglass* v. *Kraft*, is less forcible or satisfactory than that in support of the rule contended for by the defendant. The consideration that it ought not to be in the power of the wrongdoer to compel the owner of property to accept the price that may be current at a time when the owner does not wish to sell, outweighs most of the reasons that are urged in support of the rule, that the value at the time of the conversion is the measure of damages. Some qualification of the rule may be found necessary when there has been an unreasonable delay in bringing suit, or under certain special circumstances, which do not exist in the present case, but we are content to follow the general rule announced in *Douglass* v. *Kraft*.

The market value is to be ascertained at the place of the conversion. All the authorities so hold.

Interest is to be allowed, as a matter of legal right, from the time at which the value is estimated.

The cause is remanded with direction to enter judgment for the plaintiff, for two thousand dollars, with interest from the first of January, 1864.