# HENRY TREMAN ET AL.

## V.

# WILLIAM G. MORRIS.

9    237
93   8117

1. REPLEVIN—FILING NEW BOND.—A replevin bond is designed for the security of the defendant, as well as indemnity to the officer, and if the defendant is not satisfied with the bond given, it is in the power of the court to require one with the statutory conditions.

2. OBLIGORS ESTOPPED.—The new bond was filed without waiting for the court to pass upon the motion therefor. Under such circumstances the makers should not now be heard to say that there was no order of court requiring them to file the bond in suit.

3. NON EST FACTUM—NON-DELIVERY OF BOND MAY BE SHOWN UNDER. —The defense that the bond in suit was never delivered can be shown under the plea of *non est factum*.

4. DAMAGES—FAILURE TO RETURN PROPERTY.—If the sheriff had taken the property upon execution, and held it for the purpose of satisfying the execution debt, and the plaintiff in the replevin suit was the general owner of the property, subject to such execution lien, the measure of recovery upon the bond would be limited to the execution debt and costs, if less than the value of the property; but if the debt and costs exceeded the value of the property, he would be entitled to recover to the same extent as any plaintiff who had obtained an order for the return of the property under a plea of ownership.

5. SHOWING AMOUNT OF EXECUTION—PRESUMPTION.—The defendants not showing what the amount stated in the execution really was, the presumption will be indulged that it exceeded the value of the property in controversy.

6. DAMAGES FOR CONVERSION.—The general rule of damages for the wrongful conversion of property, is the fair market value of the property at the time of the conversion, with interest from that time.

7. VALUE OF PROPERTY IN REPLEVIN.—In actions of replevin the value of the property is not in issue; the contest is over the specific article. Therefore under our practice, the value of the property is never included in the assessment of damages upon the termination of the replevin suit in favor of the defendant. The bond stands in place of the property, and in contemplation of law is sufficient to compel its return.

8. DAMAGES—WHEN PROPERTY NOT RETURNED, AND VALUE OF USE IS SHOWN.—If the property is such that its use and enjoyment would be of pecuniary value to the defendant, he can have his damages assessed under the statute at the trial of the original suit, or such damages may be assessed in a suit upon the bond, but the recovery of statutory damages precludes the defendant from recovering interest upon the value of the property during the same period.

9. Rule where use of property is of no value.—In a case where the use of the property is of no special value, interest upon its value should be allowed as a compensation for the deprivation of the investment of the property.

10. Measure of damages for non-return.—Where the property is of greater value at the date of the order for a return than it was at the time of the replevin, the defendant should be allowed for such increased value of the property when taken, and the interest thereon.

Appeal from the Circuit Court of Rock Island county; the Hon. A. A. Smith, Judge, presiding. Opinion filed November 2, 1881.

This was a suit upon a replevin bond brought by the appellee against the appellants.

October 10th, 1879, Henry Treman sued out a writ of replevin from the circuit court of Rock Island County to recover the possession of a quantity of ice, of the value of $250, which, as alleged, one Josiah L. Perkins wrongfully took on the 27th day of September, 1879.

Perkins being at that time sheriff of said county, the writ was directed to the appellee as coroner, who, after taking bond, took the property and delivered it to the plaintiff. At the May term, 1880, of said court, a motion was made for a rule upon the plaintiff to file a better bond, and the plaintiff thereupon filed the bond in suit. The replevin suit proceeded to a trial, when a verdict was rendered for the defendant, and an order entered for a return of the property. Demand was made upon the plaintiff for a return of the ice on the 5th day of July, 1880, which was not complied with, as the plaintiff had before that time sold the ice, and thereupon the coroner commenced this suit upon the bond for the use of the defendant in the replevin suit. Upon trial he recovered a judgment for $522, and the defendants appealed.

Mr. Wm. H. Gest, for appellants; that the rule of damages is the value of the property at the time when taken, with interest from that date, cited Gilson v. Wood, 20 Ill. 37; Sturges v. Keith, 57 Ill. 451; Smith v. Dunlop, 12 Ill. 184.

Messrs. Sweeney, Jackson & Walker, for appellee; as to

Treman v. Morris.

the measure of damages, cited Broadwell v. Paradice, 81 Ill. 474; McMurchy v. O'Hair, 67 Ill. 242; Odell v. Hole, 25 Ill. 204; Atkins v. Moore, 82 Ill. 240; Wells on Replevin, § 522; Mayberry v. Cliffe, 7 Cold. 125; Hooker v. Hammill, 7 Neb. 236.

Appellant cannot be heard to contradict the value placed by him upon the property in his bond : Wells on Replevin, § 453; Parker v. Simonds, 8 Met. 211; Wright v. Quick, 105 Mass. 48.

PILLSBURY, J.  It is urged by the appellant, that the action should have been based upon the bond first given to the coroner, and not upon the second one, as it does not appear that any showing was made, that the sureties on the original replevin bond had become insolvent after that bond was executed. We do not understand that section ten of the replevin act, requiring the plaintiff under a rule *nisi*, to file a new bond where the sureties upon the original bond have become insolvent, is a limitation upon the power of the court to require the plaintiff to file a sufficient bond in any case where it becomes necessary for the proper security of the defendant.  A replevin bond is designed by the statute for the security of the defendant, as well as indemnity to the sheriff or coroner.  The defendant has nothing to do with the taking of the bond in the first instance by the officer, and if its conditions are not such as to secure him in his damages, and a return of the property if return should be awarded, we have no doubt of the power of the court to require one with the statutory conditions. A motion was made in the replevin case for a rule upon the plaintiff to file a new bond, and without waiting for the court to pass upon the motion, the plaintiff presented and filed the bond sued upon in this case, which was approved by the court, and under such circumstances the makers should not now be heard to say that there was no order of court requiring them to file the bond in suit.  The point that the court erred in overruling the demurrer to the declaration, we cannot notice, as the defendants waived the error, if any, by pleading to the merits.

The court sustained a demurrer to the defendants' fourth

plea, which is assigned for error. The averments of the plea only go to a denial of the delivery of the bond, which defense could well be made under the plea of *non est factum*, which was pleaded in the case, and if there was any error in over-ruling the demurrer it was one that worked no injury, as the record does not show that the court ruled out any evidence tending to show the circumstances under which the bond was given.

The most difficult, as the most important question in the case, arises upon the instruction given by the court to the jury at the instance of the plaintiff, stating the rule by which they were to be guided in the assessment of the damages sustained by the plaintiff. The instruction is as follows:

"The court instructs the jury, that if they find the issues for the plaintiff, they shall assess his damages at what they shall from the evidence believe the value of the ice to have been at the time when the defendant should have returned the same, according to the terms of the bond, or the highest value shown in evidence, from the time it was taken until July 5, 1880, with six per cent. interest on such valuation, from the time the jury shall find the ice was taken under the writ of replevin to the present time, which damages shall not exceed one thousand dollars."

Preliminary to noticing the correctness of the rule announced in the instruction, it perhaps will not be amiss for us to observe that there is some verbal testimony tending to show that the defendant in the replevin suit, Perkins, as sheriff of Rock Island county, had levied upon the ice by virtue of an execution against one August Tremain, but the execution not being introduced in evidence, we are unable to say whether the amount of the execution exceeded the value of the property. If Perkins took the property as sheriff upon execution, and held it for the purpose of satisfying the execution debt, and the plaintiff in the replevin suit was the general owner of the ice, subject to such execution lien, the measure of his recovery upon the bond would be limited to the execution debt and costs, if less than the value of the property; but if the debt and costs exceeded the value of the property, he would be enti-

tled to recover to the same extent as any plaintiff who had obtained an order for the return of the property under a plea of ownership. David v. Bradley, 79 Ill. 316; Booth v. Ableman, 20 Wis. 21; Jenning v. Johnson, 17 Ohio, 154.

Or if the replevin is by a mere stranger, the amount of the debt is immaterial, as the sheriff would hold in trust any surplus for the general owner. Atkins v. Moore, 82 Ill. 240; Fallon v. Manning, 35 Mo. 271.

In this case, however, as the defendants have not shown the amount of the execution lien, for the purpose of reducing the amount of the recovery upon the bond, we must presume it exceeded the value of the property in controversy. The general rule of damages in England and in this country for the wrongful conversion of property, is the fair market value of the property at the time of the conversion, with interest from that time. Suydam v. Jenkins, 3 Sandf. 626, and authorities there cited. Keaggy v. Hite, 12 Ill. 99; Otter v. Williams, 21 Ill. 118.

An exception was made to the general rule in Shepherd v. Johnson, 2 East, 211, where the subject-matter of the litigation was stocks, and it was supposed on account of their fluctuating value, full indemnity required that the damages should. be assessed at their value at the time of trial, so that the plaintiff could replace the stocks by the amount of the recovery.

The doctrine of this case was recognized in Gunning v. Williamson, 1 C. & P. 625, which was an action of trover for cotton warrants, and in Gainsford v. Carroll, 2 B. & C. 624; Downs v. Beck, 1 Stark. 318; and in Harrison v. Harrison, 1 C. & P. 412.

These cases were followed in New York in the cases of West v. Wentworth, 3 Cow. 82, where the rule was applied when the property was not stocks; and in Clark v. Pinney, 7 Cow. 681, and particularly Markham v. Jandon, 41 N. Y. 235, and Romaine v. Allen, 26 N. Y. 305; and the plaintiff allowed to recover the highest market price of the stocks from the day of conversion to the time of trial.

In Scott v. Rogers, 31 N. Y. 676, the court limited the rule

to the highest market value between the time of the conversion, and a reasonable time afterwards for the commencement of the action. The same court, however, in Markham v. Jaudon, *supra*, affirmed the former rule, but in Mathews v. Coe, 49 N. Y. 57, CHURCH, C. J., delivering the opinion of the court, said that he was persuaded that the unqualified rule giving the plaintiff in all cases the highest value to time of trial could not be upheld upon any sound principle of reason or justice, and that the qualification of the rule that the action must be commenced within a reasonable time and prosecuted with diligence, did not relieve it of its objectionable character; and in the case of Baker v. Drake, 53 N. Y. 211, the statement of Chief Justice Church was approved, and the rule of damages in Markham v. Jaudon repudiated.

Neither of these cases, however, state what the correct rule is, but in M. & T. Bank v. F. & M. Nat. Bank, 60 N. Y. 40, all the preceding cases, as we conceive, upon this subject were overruled, and the rule adopted "that in the absence of special circumstances, the value at the time of the conversion with interest furnishes the rule of compensation."

A careful examination of the cases in New York will show that the difficulties attending the enforcement of the rule of the highest market value were so great, and the rule itself so liable to work gross injustice in many cases, that the courts felt compelled to modify it in many instances, and finally overthrow it as a rule of law.

So in California; in Douglas v. Kraft, 9 Cal. 562, which was an action for conversion of certain warrants, the highest price after conversion was declared to be the measure of damages, and in Hamor v. Hathaway, 33 Cal. 117, the question arose whether the highest price between the conversion and the trial, or the price at the time of the taking, was the rule, and the court say it is not an open question in that State; that the rule was settled in Douglas v. Kraft, which they approve. But in Page v. Fowler, 39 Cal. 412, the court shrank from the enforcement of the rule; the application of it to the facts of that case, made the rule so repugnant to every sense of justice that the court proceeded to qualify it by limiting it to a reason-

able time after the taking, substantially following Scott vs. Rogers *supra*. The California court in this opinion say that the rule is not supported by a majority of the adjudicated cases, and does not appear to be very well satisfied with the definiteness of the rule announced in Page v. Fowler, but consoles itself with the reflection that it is equally so as that of the New York court.

In our own State the general rule prevails that the market value at the time of the conversion is the measure of damages in trover, and in the only case noticed by us where the property converted was stocks—Sturges v. Keith, 57 Ill. 451—the court refused to make any exception in the rule for the assessment of damages on account of the subject matter of the litigation. And we do not think that if our Supreme Court has refused to recognize the exception to the general rule and to endorse the reasons upon which such exception is founded in a case where the property converted was stocks, the very property involved, which, on account of its fluctuating value, led the courts to depart from the general rule, it will be likely to change its holding in a case where other property is in controversy. While the courts in some few of the States still adhere to the rule of the highest market value after conversion, we think the great weight of authority is against it, and considering that fact, in connection with Sturges v. Keith *supra*, we are agreed that the rule laid down to the jury in this case by the court below cannot be sustained in this respect. Besides, the instruction is erroneous in directing the jury to allow interest from the date of replevin upon the highest market value, for if the highest price is taken interest should be computed only from the time when such value is estimated.

If the rule for the admeasurement of damages is the same in a suit upon a replevin bond where the property has not been returned, as it is in trespass or trover, for the wrongful taking or conversion of property, it could be very easily stated, under our present understanding of the law, and that would be, in the absence of any circumstances justifying the allowance of punitive damages, the value of the property

at the time it was taken or converted, with interest thereon from that date.

We have been referred to no case in the reports of our own State where the rule has been declared in such a way as to have the force of an adjudication. There are cases where the finding has been for the value of the property, but none where the point of time at which the value should be estimated has by counsel or court been made material.

In examining the decisions in other States where the question has been made, we find they are not entirely harmonious.

In Washington Ice Co. v. Webster, 62 Me. 361, it was held if the goods replevied are not forthcoming on demand, where a return has been ordered, the defendant in a suit upon the bond is entitled to recover as damages the value of the goods when taken, with interest thereon from the service of the writ to the rendition of the judgment, referring to Wood v. Braynard, 9 Pick. 322; and to Thomas v. Spofford, 46 Me. 408; but when the goods are not returned at the time of the demand upon the writ, if they then shall be of an increased market value, the defendant is equitably entitled to such increase, in which case the value of the goods replevied, or of goods of like description at the date of the demand on the writ of return with interest, with the damages at the time of nonsuit and cost and interest, will constitute the amount the defendant will be entitled to recover on his bond; referring also to Tuck v. Moses, 58 Me. 461.

It was held in Swift v. Barnes, 16 Pick. 194, in a case where the measure of damages was not affected by statute, that the true measure of damages was the value of the property replevied at the time it should have been restored under the writ of return. The point was directly made in this case, and the rule announced was affirmed by the same court in Leighton v. Brown, 98 Mass. 515, a case where the property at the time it should have been returned was of greater value than when replevied.

In Caldwell v. West, 21 N. J. Law (1 Zab.) 411, in an action on a replevin bond, the court held that the value of the goods at the time of the recovery, with interest from that date, was the proper rule for damages for non-return of the property.

The rule here announced differs from the Massachusetts rule in fixing the date at which the value is to be estimated at the time of the judgment for a return instead of from the date of the demand made for the return of the property upon the writ of *retorno* issued upon such judgment.

The rule in Missouri is stated in Miller v. Whitson, 40 Mo. 97, to be the value of the property when taken with legal interest thereon to time of trial. This rule was announced in the replevin suit, but it seems the practice in that State is to enter an alternative judgment for a return of the property or the payment of the damages including the value of the property.

The Minnesota rule appears to be to estimate the value of the property at or about the time it was replevied. Berthold v. Fox, 13 Minn. 501.

In Nebraska the jury have the right under the code to assess the damages at what they deem right and proper, and then an alternative judgment is entered. School District v. Shoemaker, 5 Neb. 38 ; Hooker v. Hammill, 7 Neb. 231.

In Tennessee by statute, if a verdict be found for the defendant in replevin, the jury are to find the value of the property and interest and damages for the detention, and the judgment then is for a return of the property by plaintiff, and on failure so to do the defendant recovers their value and the damages assessed for the detention. There appears to be in that State no judicial means provided for compelling a return, it being optional with the plaintiff to return the property and thereby satisfy the judgment to the extent of the value so found by the jury, or pay the judgment and retain the property. The Supreme Court of that State, in Mayberry v. Cliff, 7 Cold. 117, in stating the rule which should govern the jury in assesing the value of the property and damages, held that the value of the property at the time of the replevin should be taken, and if the property appreciated and remained at a higher market price, at the time of trial, the difference should be allowed as damages for the detention; and if depreciated in value while in plaintiff's custody, not by natural wear and deterioration, such depreciation should be allowed as damages. It was further held that under their statute the jury was al-

lowed a large discretion, and if, in their opinion, justice demanded it, they might allow the defendant as damages the loss of near and probable profits arising from a temporary rise in market value.

The Supreme Court of Wisconsin, not in suit on a replevin bond, however, but in a case for the recovery of the value of hay, wheat and oats, and where the trial court had given an instruction like the one in the case at bar, after a review of the authorities, held the rule of the highest market value to be erroneous, and established the rule " that in all actions, either upon contract for the non-delivery of goods, or for the tortuous taking or conversion of the same, unless the plaintiff is deprived of some special use of the property anticipated by the wrong-doer, and in the absence of proof of circumstances which would entitle the plaintiff to recover exemplary or punitory damages; the measure of damages is:

" *First*: The value of the chattels at the time and place when and where the same should have been delivered, or of the wrongful taking or conversion, with interest on that sum, to the date of trial.

" *Second*—If it appears that the defendant, in case of a wrongful taking or conversion, has sold the chattels, the plaintiff may, at his election, recover as his damages the amount for which the same were sold, with interest from the time of sale to the day of trial.

" *Third*—If it appears that the chattels wrongfully taken converted or still in the possession of the defendant at the time of the trial, the plaintiff may, at his election, recover the present value of the same at the place where the same were taken or converted, in the form they were in when so taken or converted."

The citation of these authorities is sufficient to show that the rule cannot be considered as settled, and in the absence of any decision of our court upon the point, we feel at liberty to give our views upon the subject, remembering that the great object of the law is to furnish complete indemnity to the party wronged by the act of another in seizing and retaining his property contrary to right and the judgment of the law.

Treman v. Morris.

In an action of replevin, where the defendant asserts title to the property as well as the plaintiff, each party becomes an actor, the plaintiff seeking to retain the property which he has obtained upon his writ, and to recover damages for the deten-tion; and the defendant seeking a return thereof to himself as owner, together with his damages.    In the meantime the property is considered as in the custody of the law, the law having for the time being entrusted its possession to the plaintiff and accepted his bond as representing the property. The law presumes that the plaintiff will, in compliance with the terms of his bond, return the property to the defendant if the right to it shall be adjudged against him. If the plaintiff succeeds, the judgment of the court confirms him in his title and awards his damages; and if the defendant recovers, the court awards to him the restoration of the property and deter-mines that the plaintiff had no right to it, and that he had by the wrongful use of the process of the law, violated the prop-erty rights of the defendant, and that for such violation the defendant is entitled to indemnity in the way of damages.

From the time of the institution of the suit, the defendant is contesting the plaintiff's right to the property and asserting his own, and when he finally succeeds, he establishes his right to have the identical property restored to him.    The value of the property is not in issue.    The contest is over the specific article itself.    Therefore, under our practice, the value of the property is never included in the assessment of damages upon the termination of the replevin suit in favor of the defendant. The bond stands in the place of the property, and in contempla-tion of law is amply sufficient to compel its return.

If not returned in obedience to the order of the court, its value can be recovered in a suit upon the bond.    If the prop-erty is such that its use and enjoyment would be of pecuniary value to the defendant, he can have his damages assessed under the statute by the jury which tried the original suit, and if not paid, or if not assessed in the replevin suit, ap-propriate breaches can be assigned in the declaration upon the bond and a recovery had.

When the property is of such character that damages are recovered for the use thereof from the time it was replevied until final judgment in the replevin suit, whether such damages be assessed in the replevin suit or in a suit upon the bond, the recovery of such statutory damages precludes the plaintiff from the recovery of interest upon the value of the property during the same period.

But where the property is not usable in the sense that its use alone will return a pecuniary profit to its owner, interest upon its value should be allowed as a compensation for the deprivation of the investment in the property. Ordinarily, the measure of damages in trespass and trover applies in replevin; but there are cases where the rule will not furnish full indemnity to a defendant. In trespass or trover the plaintiff, by bringing his action to recover damages for the taking or conversion of his property, instead of seeking to recover the specific property, consents to a transfer of the title to the goods and chattels taken, to the defendant in the suit; and when a recovery is had, the title is considered as having passed to the defendant at the time of the taking or conversion. At that date the right of action accrued which subsequently became merged in the judgment. The rule, therefore, would appear to be a just one, that the value of the property at the time the title is treated as having passed, with interest, is the proper measure of damages.

But it seems to us that the successful defendant in replevin, considering his position with reference to the object to be attained by the litigation and the character of the judgment rendered in his favor, does not in all cases occupy the position of a plaintiff in trespass or trover. It is true, that by the wrongful taking of his property upon the replevin writ he is just as effectually deprived of the possession of his property as though the taking was without process of law; and he may be said to have sustained damages to the same extent; but by defending the replevin suit he is continually asserting his title to the specific article taken from him, and seeking its return.

A judgment is finally entered in his favor, and an order for the restoration of the property.

Treman v. Morris.

The judgment is conclusive that the property belonged to the defendant at the time of the replevin, and that it was wrongfully taken from him, and the order for the return is equally conclusive, that at the date of its entry he was still entitled to it.

The order for the return of the property being entered, it becomes the duty of the plaintiff to immediately deliver it into the possession of the defendant, or the defendant can at once demand it, and upon a refusal by the plaintiff to comply with the order of court, the defendant can maintain his suit upon the bond.

If the property be returned, the defendant has the benefit of any increase in value, and we think a wrong-doer should not derive any advantage from the disobedience of an order of court, that he would not have retained by complying with it.

We are therefore of the opinion that where the property is of greater value at the date of the order for a return than it was at the time of the replevin, the defendant should be allowed for such increased value in addition to the value of the property when taken and the interest thereon. We think the rule that estimates the value at the time of the demand upon the writ of return, is open to the same objection as the rule of the highest market value between the time of the replevin and the date of the trial upon the bond.

The latter gives the defendant the whole period covered by the Statute of Limitations, in which to commence his action and select his price; the former, the whole time in which he can lawfully issue his writ and make demand, thus allowing him, where the property cannot be returned, to fix its value when the market price is at the highest, which in many instances if allowed as damages would be oppression instead of indemnity. We take the date of the recovery as the time when any appreciation in the value of the property is to be considered, as that is the time when the defendant is adjudged to be entitled to the restoration of the property taken with its increased value, and we think that the selection of such date is not open to the same objections, or liable to work such injus-

tice as the adoption of a rule that allows the defendant to take advantage of a fluctuating market through a long period of time, or to select a price at any intermediate date. For the error in giving the said instruction, the judgment must be reversed, and the cause remanded.

Judgment reversed.

LACEY, J. I concur in the above opinion, and wish to add, that I think the Supreme Court, in the case of Hopkins et al. v. Lord, 35 Ill. 178, has recognized the doctrine in case of nonreturn of property after a judgment in replevin in favor of defendant, that the latter, in suit on the bond, may recover the value of the property and six per cent. interest from the date of the replevy.

Also in the case of Odell et al. v. Hale, 25 Ill. 204, the same court has, by implication, recognized the doctrine that in case of property only held for sale, the plaintiff, in suit on the bond, may recover damages for depreciation in value of the property between the date of replevy and date of trial. If these two propositions be correct I see no valid objection to plaintiff, in suit on replevin bond, recovering the value of the *appreciation* of the property between the date of replevin and judgment of return, where property is not returned as a part of the damages, in addition to the interest.