## Sylvester Hanson for use of C. C. Hutchmacher and First National Bank of Grand Tower, Appellee, v. Weber Implement Company and John G. Hardy, Appellants.

1. Interest—*action on replevin bond.* In an action on a replevin bond interest may be allowed at 5% on the value of the property from the time it was taken under the replevin writ to the date of trial when judgment *de retorno* was had against plaintiff in replevin, but the property had been immediately sold at public auction since the value was determined from the market price and the demand was not unliquidated.

2. TENDER—*action on replevin bond.* In an action on a replevin bond it is not error to exclude evidence offered under a plea of tender as to whether defendant was willing to return the property or whether it was within his power to do so, where it is shown that the property was widely scattered and that no claim was made that it had been tendered, or any offer made to put plaintiff in possession.

3. TENDER—*what constitutes.* There must be a delivery or an offer to deliver property to constitute a tender, in the case of ponderous articles it is necessary to show an offer to deliver them and to have them in such presence as to give such possession that an action for damages might be brought if the property is interfered with.

Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

ROBERT J. McELVAIN and OTIS F. GLENN, for appellee.

JAMES H. MARTIN and JOHN M. HERBERT, for appellant.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The appellee recovered a judgment in the Circuit Court of Jackson county against the appellant for $994.16, and the appellant seeks by this proceeding to reverse the judgment below.

The statement of the case made by counsel for appellant, which is not controverted by appellee, is substantially as follows:

This is a suit by appellee against the appellant and John G. Hardy on a replevin bond for twelve hundred dollars, executed by them to indemnify the sheriff in replevining one Illinois Special Separator, one fourteen horse power engine and one saw mill; the bond is dated July 29, 1908. The sheriff took charge of the property and turned the same over to Weber Implement Company, plaintiff in the replevin suit. Possession was

taken under said writ and the plaintiff advertised the property under a chattel mortgage given it by one W. H. Confer, was sold at public sale and bid in by plaintiff Weber Implement Company. On the trial of the replevin suit judgment was obtained against the plaintiff for the return of the property. The property was not returned and this suit was brought to recover the value of the property and damages, including three hundred dollars attorney's fee. The affidavit for replevin alleged that the property was worth six hundred dollars. The usual declaration was filed on the bond to the September term, 1911, to which a demurrer was filed and overruled. The pleas of general issue, tender of two hundred dollars attorney's fee and offer to return property were filed and issues joined thereon. On the trial the jury returned a verdict of debt for twelve hundred dollars to be satisfied by payment of $994.16. Motions for a new trial and in arrest of judgment were made and overruled and appeal granted to this court.

Two errors are assigned and argued, the first of which is, the giving of an instruction authorizing the jury to allow five per cent. interest on the value of the property from the date of its taking under the replevin writ, July 30, 1908, to the date of trial, September 20, 1911. We have examined the cases cited by appellant in support of this contention but do not think they sustain the proposition of counsel that interest cannot be allowed where the value of property is in question, and its value can be ascertained and determined from the testimony of witnesses as to its market price. In the case referred to of Harvey v. Hamilton, 54 Ill. App. 512, the court says, "But it is safe to say that in Illinois interest is not allowable on unliquidated demands, in any case, where the amount of damages is not ascertainable by simple computation, or by reference to generally recognized standards such as market prices." The value of this property was determined from its market price at the

time it was taken and we do not believe it comes within the rule prohibiting interest upon unliquidated demands.

The question of recovering interest for the taking and failure to return property under a replevin writ, where the plaintiff was defeated in his suit is not an open one in our courts. As far back as the case of Hopkins v. Ladd, 35 Ill. 178, the court says, "As to the question of interest on the value of the property, the defendant not having returned the property interest was recoverable." Rowley v. Gibbs, 14 Johns, 485. And in the case of Franks v. Matson, 211 Ill. 347, the court says, "Where there is a judgment of return against the plaintiff in replevin and he fails to return some of the goods and those which are returned are injured, the measure of damages in the suit on his undertaking is the value of the goods not returned, with legal interest from the time of the replevin and deterioration in the value of those returned resulting from such injury with legal interest thereon from the date of their return." And in support of this many authorities are therein cited. In the case of Sanderson v. Read, 75 Ill. App. 193, the court says, "But demands based upon market values, susceptible of easy proof, though unliquidated until the particular subject of the demand has been made definite and certain by agreement or proof, are not so uncertain that no default can be predicated of any delay in making payment." It seems to be the settled doctrine of our courts that interest may be allowed upon the value of the property taken on a replevin writ and not returned upon judgment being awarded against the plaintiff and that such interest properly comes within the damages recoverable upon replevin bonds; and there was no error in the giving of the instruction complained of.

Complaint is next made that the court erred in refusing the introduction of evidence offered by the appellant on the plea of tender. The evidence offered, as shown by the abstract, was that when George Weber,

president of the appellant was upon the witness stand he was asked these questions: "Q. Are you willing to return this property? Objected to and sustained. Q. Is it in your power to return this property? Objected to and sustained." To constitute a tender there must be a delivery, or at least an offer to deliver the property itself. While it may be true in case of ponderous articles it would not be necessary to carry the goods into court, yet it is necessary to show an offer to deliver them to the plaintiff and to have them in such presence as to put the plaintiff in possession so that he might sustain a suit for damages in case the property was interfered with.

The evidence in this case shows that at the time of the trial the machinery in question was part of it in East St. Louis and part in Montgomery City Missouri, and no claim made that the property had been tendered to the plaintiff or that there had been any offer in any manner to put the plaintiff into actual possession of this property. We cannot believe that under such circumstances the mere statement by the witness that he was willing to return the property or had it in his power to return the property is sufficient to constitute a tender. We are not able to perceive how counsel arrives at the conclusion that appellant was prevented by the court from delivering the articles in question; if appellant had desired to have returned the property to the appellee he could have collected the property together and by some act have offered to put the appellee in the absolute control and possession of such property at his place of business, or where the contract was entered into, without expense to appellee. There is nothing in this record that indicates any such willingness upon the part of appellant. We find no reversible error in this record and the judgment of the lower court is affirmed.

*Affirmed.*