# COUNTY OF HANCOCK.

JOSEPH P. THOMAS *versus* GEO. W. SPOFFORD & als.

In replevin, the title and right of possession to the property are the matters to be determined; its *value* is not an issue to be tried.

In a suit upon a replevin bond, the plaintiff is not estopped from showing that the actual value of the property exceeded the sum inserted by the defendant in his writ and bond, as its value, if the plaintiff did not assent to the defendant's estimate of value. And the plaintiff is also entitled to damages for detention of the property.

Where the plaintiff in replevin became nonsuit, and a judgment was rendered for a return and restitution, if the clerk, in issuing the writ of restitution, inserted therein *the value* of the property as named in the replevin writ, this being unauthorized by the judgment, and a mere ministerial act, will be regarded as a nullity.

REPORTED by HATHAWAY, J., from October term, 1858.

THIS was an action of DEBT on a replevin bond. The plaintiff, as an officer, attached certain personal property on a writ against a person other than either of the defendants in this suit. The action was duly entered, and judgment and execution followed. The defendants replevied the attached property, entered their suit in Court, and became nonsuit. Thereupon the Court ordered a return of the property. The defendants paid, to be appropriated to their replevin bond, the sum of fifteen hundred dollars, and a sum for the costs of the defendants in said replevin action, as was set forth in the writ of restitution. It was admitted that, after the application of the money paid by the defendants, there remained the sum of three hundred dollars still due on the execution issued as before stated. The plaintiff, in this suit, claimed to recover the actual value of the property at the time of the attachment, over and above the $1500 paid.

The officer, in his return of attachment, made no valuation of the property. The *ad damnum* in the writ was a sum

larger than the amount for which judgment was rendered, or the actual value of the property attached. The value of the property was not stated in the bond of the defendants, but in the writ, to which the bond referred, the value was stated to be $1493, which .sum was also named as the value of the property in the writ of restitution taken out by the plaintiff, a copy of which was put into the case, by the defendants.

The presiding Judge being of the opinion that the plaintiff was estopped from showing that the property was of a greater value than that stated in the writ of restitution, the parties agreed that this question be referred to the full Court, on report. If the action cannot be maintained, the plaintiff to become nonsuit; otherwise, the action to stand for trial.

In the case, introduced by the plaintiff, was a copy of the record of the action of replevin, from which it appeared that the judgment of the Court was, " that the defendant recover against the plaintiff a return and restitution of said property, and also his costs," &c.

This case was argued by *Peters & Hinckley*, for plaintiff, and by—

*Spofford*, for defendants.

The opinion of the Court was drawn up by

KENT, J.—In the action of replevin the question of value does not arise as an issue. The title and right of possession are the matters to be determined in the suit. The law will not, however, permit a person to take personal property from another by this process of replevin, until the officer serving the writ has taken a bond to the defendant, with sureties in double the value of the goods to be replevied, conditioned to pay the damages and costs, and also to return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment.

The value of the goods makes no part of the declaration necessarily. It is only important as fixing the amount of the penal sum in the bond, which the officer is to require.

In this case, such a bond was taken. In the writ of replevin the goods were stated to be of the value of $1493, and this bond is in double that sum. That sum was inserted by the plaintiff in replevin, without the knowledge or agency, or assent of the defendant in that suit.

The defendant in replevin is not concluded by the value of the property named in the bond or the writ. If he was to be thus estopped from denying that value, he would be at the mercy of his opponent, whose interest always is to fix as low a value as possible.

If the penal sum in the bond is less than the actual value of the goods, damages and costs, the defendant may, perhaps, have his action against the officer for taking an insufficient bond, or may plead such fact in abatement. *Greely* v. *Currier*, 39 Maine, 516.

The point here is, that the sum named as the true value of the goods is not conclusive on the defendant, the plaintiff in this suit not objecting to the penal sum or sureties in the bond. *Howe* v. *Handly*, 28 Maine, 251; *Swift* v. *Barnes*, 16 Pick. 194; *Parker* v. *Simonds*, 8 Met. 205.

In the replevin suit the plaintiff became nonsuit, and a judgment for a return and restitution and costs was entered up. No damages for detention were given in the judgment.

The clerk in issuing the writ of restitution, &c., after specifying the goods, added the words "all of the value of fourteen hundred and ninety-three dollars," following the value named in the writ.

The Judge was of opinion that the plaintiff was estopped from showing that said goods were of more than the value named in the bond and writ of restitution. This is the only matter of law presented to us. It seems clear on the authorities, and from reason, that the defendant in replevin is not concluded or estopped by the sum named in the bond as the actual value. And the insertion of the same in the execution by the inadvertence of the clerk cannot, in our judgment, estop the party from proving the actual value at the time of taking, or the time of demand. The value of the goods was not

stated in and makes no part of the judgment. The clerk had no authority to insert it in the execution, and the issuing of the writ of restitution is a mere ministerial act. If it does not follow the judgment, or contains matter not in the judgment, that portion which contains the extraneous matter may be regarded as mere error or nullity.

The plaintiff's right to recover on his bond depends upon the judgment of the Court in the replevin suit. That judgment he produces. The defendants introduce the writ of restitution. But this writ is a mere recital of the judgment, not the judgment itself, and is not essential to enable plaintiff to recover.

Another objection to the ruling is, that in this suit on the bond, the plaintiff may recover damages for detention, although not assessed in the judgment in the replevin suit. *Smith* v. *Dillingham,* 33 Maine, 384.

*Case to stand for trial.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.