GUSTAVE A. KIMBALL *vs.* FRANK O. THOMPSON et als.

Somerset.    Opinion August 27, 1923.

*In a suit on a replevin bond, if damages were not determined and recovered in the*
*replevin suit, special or actual damages may be recovered.    If the property is*
*restored in damaged condition, or not restored at all, further recovery may be*
*had.    Depreciation if property is returned, and value of the property*
*plus decline in market value if not returned, may be recovered.*
*Counsel fees not recoverable.    Expense of feeding and caring*
*for cattle replevied not to be deducted from damages.*
*Judgment to be for damages proved, and not for*
*penal sum of the bond.*

If damages are not recovered in a replevin suit they may be determined and
recovered in a suit on the replevin bond.

Special or actual damage may be shown, to wit, damage caused by loss of profit-
able use.    If no such loss is shown the damage recoverable may be measured
by interest on the value of the property from the time it was taken.    Decline
in market value is also recoverable.

If the replevied property is returned in like good order and condition as when
taken the foregoing are the only elements of damage.    If, however, the property
is restored in damaged condition, or not restored at all, further recovery may
be had.

If the property is returned the recovery includes the amount of the depreciation
between the taking and return.    If not returned the plaintiff recovers the
value of the property in assumed good condition plus decline in market value,
if any, from the time of taking. .

In a suit on a replevin bond counsel fees are not recoverable.

When cattle are replevied and ordered returned the expense of feeding and caring
for them cannot be deducted from the damages otherwise recoverable.

Damages in a suit on a replevin bond being full and final, judgment should be
for the amount of damages proved and not for the penal sum of the bond.

On report.    An action by an attaching officer on a replevin bond.
Certain potatoes, cattle, and an automobile were in the possession of
the plaintiff as a deputy sheriff under attachments, and on November
15, 1921, they were replevied from him by the defendant, Frank O.
Thompson, who had claims by mortgage on the property.    The

replevin action was tried at the April term, 1922, and the property replevied was ordered returned. The defendants pleaded by brief statement performance of the conditions of the bond, that is, that the property was returned in like good order and condition as when taken. The question involved was the amount of damages recoverable. Judgment for plaintiff for $1,633.67 with interest on $1,573.74 from April 28th, 1922, and on $12.39 from date of judgment in replevin suit.

The case is fully stated in the opinion.

*H. R. Coolidge,* for plaintiff.

*L. L. Walton,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J. On November 15th, 1921, the defendant, Thompson, having claims by mortgage upon personal property which the plaintiff, a deputy sheriff, had attached in suits against the mortgagors, replevied the attached property. The property consisted of thirteen head of cattle, one automobile and a quantity of potatoes. The replevin suit was tried at the April term, 1922. A nonsuit and return of the property were ordered. After its return, the suits of the attaching creditors having gone to judgment, the property returned was sold on execution. The net proceeds of such sale was but a small fraction of the amount of the judgments. The instant suit is an action of debt on the replevin bond.

The breach is not questioned. The only dispute relates to the amount of damages recoverable. The parties do not agree as to the measure of such damages, and the evidence bearing upon it is in conflict.

The bond is in the form prescribed by law. Statutes of 1821, Chapter 63. By its terms it is to be void if the obligor does three things: (1) Prosecutes the suit to final judgment. This has been done. (2) Pays damages and costs. (3) Returns and restores "the same goods and chattels in like good order and condition as when taken."

Even if the replevied goods are returned in perfect condition the plaintiff is entitled to recover damages for the taking, detention and costs. The amount of damages for taking and detention may be

assessed in the replevin suit. R. S., Chap. 101, Sec. 15. If as in this case it is not so done such damages may be determined and recovered in a suit on the bond. *Smith* v. *Dillingham,* 33 Maine, 387; *Thomas* v. *Spofford,* 46 Maine, 411; *Washington Ice Co.* v. *Webster,* 62 Maine, 363.

Special or actual damage may be proved, i. e., damage caused by loss of profitable use. *Washington Ice Co.* v. *Webster,* supra; *Stevens* v. *Tuite,* 104 Mass., 335.

If no such loss is shown the damage recoverable may be measured by "interest on the value of the property from the time it was taken." *Smith* v. *Dillingham,* supra; *Washington Ice Co.* v. *Webster,* supra.

Another element of damage recoverable is loss caused by decline in market value. Such loss the plaintiff in replevin must bear. *Washington Ice Co.* v. *Webster,* supra.

If the replevied property is returned "in like good order and condition as when taken" the foregoing are the only elements of damage. If, however, the property is restored in a damaged condition or not returned at all further recovery may be had. *Berry* v. *Hoeffner,* 56 Maine, 170; *Tucker* v. *Trust Co.,* (Mass.), 136 N. E., 62.

When in such case the property is *returned* the plaintiff is entitled to recover the amount of its depreciation between the taking and the return, whether caused by deterioration or market conditions. If *not returned* the plaintiff recovers the value of the property in assumed good condition at the date of judgment in the replevin suit and in addition the depreciation, if any, in market value between the time of taking and the said date of judgment. *Maguire* v. *Amusement Co.,* 205 Mass., 73.

Thus the defeated defendant in replevin having, not tortiously indeed but in a broad sense wrongfully, intermeddled with the plaintiff's possessions loses by decline but does not gain through increase in the market value of the property.

The plaintiff claims also the right to recover in this action counsel fees incurred both in the replevin suit and in the action on the bond. But the statute does not contemplate such recovery. The statutory form of bond does not so provide. It stipulates for the payment of "such damages and costs as the defendant shall recover." The term "costs" does not include counsel fees. *Burrage* v. *Bristol,* 210 Mass., 299.

The phrase "damages that the defendant shall recover" does not include such fees. It clearly means "damages for the taking" recoverable by the defendant in the replevin suit. R. S., Chap. 101, Sec. 11. Counsel fees are no more recoverable in a replevin suit than in a suit on a promissory note.

R. S., Chap. 101, Sec. 13 does not authorize recovery of counsel fees. That section relates to the application of money that has been recovered. It does not go into operation in any given case until after recovery. It regulates the settlement between the officer and the execution creditor. It does not apply to the relation between officer and obligor.

Section 18 does not authorize such recovery. This section grants no new rights. It provides simply that existing remedies on the replevin bond shall remain in force, notwithstanding an unavailing resort to writs of return and reprisal. See *Maguire* v. *Amusement Co.*, supra; *Firestone* v. *Aetna Co.*, 123 N. Y. S., 107.

Turning now from general principles to the case at bar. In the replevin writ the property is valued at fifteen hundred dollars. This estimate as against Thompson is prima facie correct. *Barnes* v. *Bartlett*, 15 Pick., 79. But it is not evidence against the plaintiff Kimball for he had no voice or part in making the estimate. *Thomas* v. *Spofford*, supra; *Kafer* v. *Harlow*, 5 Allen, 348; *Caldwell* v. *West*, 21 N. J. L., 411.

The evidence, especially that relating to the quantity of merchantable potatoes taken in November and the condition of those returned in April is conflicting and unconvincing. It would be unprofitable to extend this opinion by an analysis of the testimony. Upon the whole we think that the property taken was at the time of taking worth $1,750. This indeed seems to have been Thompson's final estimate, for when required to give bond in double the value of the property to be replevied he made his bond in the penal sum of $3,500. This figure is also fair to the plaintiff.

What was the value of the property when returned? About ten days after its return the property having been seized on execution was sold at public auction. The return shows that the expense of keeping and selling the property exceeded the gross receipts of the sale. But to reach this result there was included $37.50 received for three cows sold at auction but which were not replevied. On the other side of the account is a charge of $252.45 for care of these three

cows. Making the necessary correction, the net proceeds of the sale of the property which had been replevied and returned was $176.26. This was the result of a public sale of which due notice was given and which the defendants had an opportunity to attend. The amount received may fairly be taken as at least prima facie evidence of the value of the property when returned.

The difference between $1,750, the value of the property taken, and $176.26, the value when returned, is the amount of depreciation for which the defendant is responsible. The difference is $1,573.74.

But the defendants say that from this should be deducted the expense of feeding and caring for the stock when held on the replevin writ. This deduction cannot legally be made. When property is taken in replevin to which, as it turns out, the defendant has the right of possession, no tort has been committed. The proceeding is not tortious because under legal process. But the owner's property has been taken away from him against his will and detained without his consent. Under such circumstances it would be unjust and illogical to compel him to pay for its care and keeping. This is entirely unlike the case of the attachment of A's property for A's debt; it is more nearly analagous to the case where A's property is attached for B's debt.

Again, it is claimed that so far as the depreciation was the result of the freezing or decaying of potatoes it was inevitable, without fault on the part of the defendant, and for this he should not be held responsible.

It is true that it has been held in this jurisdiction that a defendant in a suit on a replevin bond may defend on the ground that the replevied property was destroyed by inevitable causes and without his fault. *Melvin* v. *Winslow*, 10 Maine, 397; *Walker* v. *Osgood*, 53 Maine, 423.

These cases seem to be opposed to the weight of authority in other jurisdictions. 23 R. C. L., Page 906. Without now questioning the rule as established by these Maine cases we hold that he who would invoke it must make out a clear case of vis major. The evidence does not show that case to be within the rule.

The depreciation as above stated is $1,573.74. To this should be added damages for detention. No special damage from loss of use having been shown, the interest on the value from the taking to the return may be adopted as the measure. This is $47.54. There

must be added $12.39, the cost of the replevin suit. The total is $1,633.67. Interest should be allowed on $1,573.74 from the date of return, April 28th, 1922, and on $12.39 from the date of judgment in the replevin suit.

Following the reasoning of Peters, C. J., in *Corson* v. *Dunlap,* 83 Maine, 35, we hold that R. S., Chap. 87, Sec. 51 does not apply. The damages recovered in this case being full and final there is no occasion to have judgment entered for the penal sum of the bond.

> *Judgment for plaintiff for $1,633.67 with interest on $1,573.74 from April 28th, 1922 and on $12.39 from date of judgment in replevin suit.*