WOODROW ARCHER
*vs.*
AETNA CASUALTY COMPANY
AND
IDA KORHONEN

Penobscot.    Opinion, October 6, 1947.

*Daniel I. Gould,*
*Milton Beverage,* for plaintiff.

*Frank F. Harding,* for defendants.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

FELLOWS, J. This is an action of debt on a replevin bond brought by Woodrow Archer against the Aetna Casualty and Surety Company and Ida Korhonen. The case was tried before a jury. It comes to the Law Court upon exceptions to the refusal of the presiding justice to direct a verdict for the defendants. The exceptions are overruled.

The evidence shows that on August 7, 1945 Ida Korhonen commenced an action of replevin against this plaintiff, Woodrow Archer, and took from him "one 1941 Mercury Club Coupe." The replevin bond, required by R. S. 1944, Chap. 112, Sec. 10, signed by these defendants, Ida Korhonen and Aetna Casualty Company, was conditioned as in the prescribed form of the writ, and to "pay such costs and damages as the said Woodrow Archer shall recover against her."

The original replevin action was tried before a jury at the September Term, 1946, of the Superior Court for Penobscot County, at which trial the question before the jury was the title to the automobile. The jury found for the defendant, and an order for return of the property to the defendant Archer was made. No damages for the taking were assessed, or passed upon. The execution or "writ of return," made by the Clerk of Courts in regular form, stated "no dollars damages" assessed, and ordered the sheriff to "return and restore" the automobile, and to collect costs taxed at $67.99 "arising in the defense of said suit." The automobile, taken from Woodrow Archer by Ida Korhonen on August 7, 1945 by virtue of the replevin writ and bond, was returned by Korhonen to Archer on September 11, 1946 immediately after the trial.

This action on the replevin bond was brought by Archer to recover special damages for the taking of his automobile, and for unpaid costs. The defendants Korhonen and Aetna Casualty and Surety Company plead the general issue, with a brief statement that the "conditions of the bond declared upon in the plaintiff's writ have been fully complied with."

The conditions of the bond, executed by these defendants at the time of bringing the original replevin action and on which this suit is brought, are (1) "to prosecute the said replevin to final judgment." (2) "to pay such costs and damages as the said Woodrow Archer shall recover against her" and (3) to "return and restore the said goods and chattels in like good order and condition as when taken, in case such shall be the final judgment." The first and third conditions have undoubtedly been complied with, because in the original replevin action the jury found title in the defendant Archer, and the automobile was returned. As to the second condition, relative to costs and damages, the plaintiff Archer claims non-compliance and has obtained this jury verdict for $572.10.

It is claimed by the plaintiff Archer that the costs, taxed by the clerk in the former action of replevin at $67.99, have not been paid; and that the replevied automobile was used for transporting men and for other business purposes in his lumber and sawmill work and was unlawfully kept from him for thirteen months. He was many times obliged to hire other cars for his numerous and necessary errands, and to use a truck that was more expensive to operate. He was forced to take a truck at times "off the job" at his sawmill, to do the work usually done by the car, at a loss and extra expense. He testified that his damages for loss of use of the replevied car for the thirteen months was five hundred dollars. Another witness stated that "$500 would be a small estimate" because "that is less than $2 a day" and he "has got a use for his car most every day in the year."

There is evidence that the costs in the original replevin action for $67.99 have not been paid. In fact the writ of return, offered in evidence by the defendants themselves, shows no satisfaction or payment. Also, in cross-examination of the plaintiff, the fact was brought out by the defense that the defendant's attorney and this plaintiff had talked about and endeavored to effect an adjustment of the "costs and damages." The defendant's brief states "no damages

were proved at the time of the trial upon the replevin writ and none were assessed or awarded by the jury."

A replevin bond is more than a formality. It is a substitute for property replevied and a security to the defendant for possible damage and costs. "If it appears that the defendant is entitled to a return of the goods," he is entitled to "damages for the taking and costs." R. S. 1944, Chap. 112, Secs. 10, 11. The amount of damages for taking and detention may be assessed in the original replevin suit. R. S. 1944, Chap. 112, Sec. 11. If, as in this case, it is not then assessed or considered, such damages may be determined and recovered in a suit on the bond. *Kimball* v. *Thompson,* 123 Me. 116, 118; *Thomas* v. *Spofford,* 46 Me. 408, 411; *Washington Ice Company* v. *Webster,* 62 Me. 341, 351.

Under Maine practice the question of damages for the taking cannot always be conveniently reached or passed upon during the trial of the original replevin action. The defendant in a replevin suit is never entitled to damages for the taking unless he is entitled to a return of the goods. R. S. 1944, Chap. 112, Sec. 11; *Washington Ice Company* v. *Webster,* 62 Me. 341, 351. Whether the replevin action can be maintained must be settled by a decision of the questions of law and fact. The title or right of possession is usually the main issue and, at the trial, usually the only issue. After a decision for the defendant is made upon nonsuit, verdict, or otherwise, it is the duty of a defendant to file a motion, as here, for a judgment for return. He can then proceed, as he has done in this case, with his action on the bond. *Washington Ice Company* v. *Webster,* 62 Me. 341, 351, 352; *Kimball* v. *Thompson,* 123 Me. 116.

In the early case of *Pettygrove* v. *Hoyt,* 11 Me. 66 cited by the defendants, the plaintiff in replevin failed to enter his writ, whereupon the defendant filed a *motion for costs only* and *failed to ask for a return of the goods.* The execution issued for costs only and *was satisfied.* It was held that action on the bond could not be maintained because no order for return.

The revision of the Statutes of 1841, Chap. 130, Sec. 11, which condensed the Act of 1821, Chap. 80, Sec. 4, provided "If it shall appear upon the nonsuit of the plaintiff, or upon a trial or otherwise, that the defendant is entitled to a return of the goods he shall have judgment therefor accordingly with damages for the taking thereof by the replevin with his costs." The present words of R. S. 1944, Chap. 112, Sec. 11 "If it appears that the defendant is entitled to a return of the goods," were prepared by Chief Justice Shepley, and first appears in the revision of 1857 at Chap. 96, Sec. 11.

When the defendant in the replevin action makes out a good title or recovers possession, he is entitled to damages for the interruption of his possession and the loss of the use of the property. *Smith* v. *Jeojay,* 124 Me. 381; *Kimball* v. *Thompson,* 123 Me. 116. "It is simply a question of actual damage." *Tuck v. Moses,* 58 Me. 461, 476.

At the close of the testimony in this action on the bond, the attorney for the defendants made a motion for a directed verdict in their favor "on the ground that as a matter of law, conceding the truth of all said evidence, no verdict or judgment except for the defendants could legally be had." The presiding justice properly denied the motion, and was correct in submitting the question of damage to the jury.

It is well established in this state that "a verdict should not be ordered for the defendant by the trial court when, taking the most favorable view of the plaintiff's evidence, including every justifiable inference, different conclusions may be fairly drawn from the evidence by different minds." *Howe* v. *Houde,* 137 Me. 119; *Wellington* v. *Corinna,* 104 Me. 252.

The brief statement filed by the defendants raised the question of whether the three conditions of their bond had been complied with. There was evidence on which the jury

might find, as it evidently did find, that although two conditions had been complied with, the costs in the replevin action had not been paid, and this plaintiff had suffered substantial damage by being unlawfully deprived of the use of his automobile for more than a year.

*Exceptions overruled.*